UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LESLYE HINDS,<br><br>　　　　Plaintiff,<br>　v.<br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | Case No. 2:21-cv-622-ART-MDC<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 39) |

Plaintiff Leslye Hinds brings this action against Defendant United States of America, alleging that Defendant is liable for injuries she suffered from a fall while visiting the Desert National Wildlife Refuge in Nevada. Before the Court is Defendant's motion for summary judgment. (ECF No. 30.) Plaintiff filed a response (ECF No. 40), and Defendant filed a reply (ECF No. 41.)

**I.     BACKGROUND**

Defendant previously filed a motion to dismiss, or in the alternative for summary judgment (ECF No. 31), arguing that the Court should dismiss the case for lack of jurisdiction pursuant to the Discretionary Function Exception to the Federal Tort Claims Act ("FTCA") or, alternatively, that the Court should grant summary judgment because Defendant does not owe any duty to Plaintiff per Nevada's Recreational Use Statute, NRS 41.510. After a hearing on that motion, the Court denied Defendant's motion to dismiss under the Discretionary Function Exception and granted Defendant leave to file a new motion for summary judgment on the issue of willfulness under NRS 41.510, as the Nevada Supreme Court had issued a new decision on that issue, *Abbott v. City of Henderson*, 542 P.3d 10 (Nev. 2024), since the parties had briefed the original motion. (ECF No. 38.) Defendant then filed a new motion for summary judgment, arguing that

under *Abbott*, Plaintiff's claim should be denied because she has failed to present evidence that Defendant acted willfully. (ECF No. 39.) Because the Court finds that Plaintiff has presented sufficient evidence to create a genuine dispute of material fact as to whether Defendant's conduct was willful, the Court denies Defendant's motion for summary judgment.

## II.   FACTS

On September 24, 2019, Plaintiff Leslye Hinds visited the Refuge with her husband, Richard Hinds. (ECF No. 40-2 at 37:12-20). They were walking on the Corn Creek Trail hiking path when they approached the Coyote Loop section. (*Id.* at 37:18-22.) A volunteer, Richard Mahan, was trimming mesquite trees on the sides of the trail and laying the brush within the designated walking pathway. (*Id.* at 37:22-38:02.) He never placed any signs warning of the blockage. (*Id.* at 47:22-48:11.)

Leslye and Richard both testified that they told Mr. Mahan that they would turn around and go another way, but Mr. Mahan replied that he would move the brush for them. (*Id.* at 38:03-05; ECF No. 40-3 at 31:10-32:4.) Leslye asserts that Mr. Mahan only cleared at most a few inches of the pathway and directed them to walk around the side of the path onto the railroad tie outlining the path, which was just barely wide enough to proceed single file. (ECF No. 40-2 at 38:04-7; 42:20-25; 43:11-16.) Leslye, who suffers from multiple sclerosis ("MS"), fell while walking on the railroad tie and broke her left wrist. (*Id.* at 15:21; 38:14-16; 61:01-63:12.)

Mr. Mahan provides a different version of events. While he agrees that the mesquite brush trimmings were blocking the entire width of the path, he maintains that he saw Leslye approaching, turned back to his work, and then saw her again after she had fallen to the ground. (ECF No. 40-4 at 25:19-25; 26:05-11; 48:6-11.) Mr. Mahan states that he never spoke with the Hinds prior to Leslye stepping onto the railroad tie. (*Id.* at 47:15-48:3.)

### III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

### IV. ANALYSIS

At issue in the present motion is (1) the standard for willfulness under Nevada's Recreational Use Statute, NRS 41.510, and (2) whether, viewing the facts in the light most favorable to the Plaintiff, there is a genuine dispute of material fact as to whether Mr. Mahan's conduct meets the standard for

willfulness. These issues are addressed in turn.

### A. Willfulness Standard Under NRS 41.510

Under the FTCA, sovereign immunity is waived if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). As the incident occurred in Nevada, Nevada law applies. Nevada's Recreational Use Statute provides that landowners owe no duty when they allow others to use their property for recreational activities, thus precluding negligence claims against property owners in such situations. NRS 41.510(1). However, an exception applies when an otherwise immune entity participates in "willful or malicious failure to guard, or to warn against, a dangerous condition, use, structure or activity." NRS. 41.510(3)(a)(1). If a party can show that the owner's conduct was willful or malicious, a negligence claim will not be barred. *Id.* The parties do not dispute that Plaintiff was a recreational user of the land, making NRS 41.510(1) applicable to this action. (*See* ECF No. 40-2 at 19:7-8.)

The Nevada Supreme Court has described the standard for willful or wanton conduct as "intentional wrongful conduct, done either with knowledge that serious injury to another will probably result, or with a wanton or reckless disregard of the possible result." *Boland v. Nevada Rock & Sand Co.*, 894 P.2d 988, 991 (Nev. 1995) (superseded by statute on other grounds) (citing *Davies v. Butler*, 602 P.2d 605, 609–10 (Nev. 1979)).

This year, the Nevada Supreme Court again addressed the issue of willfulness in *Abbott v. City of Henderson*, 542 P.3d 10 (Nev. 2024). In *Abbott*, the plaintiff alleged that she slipped on the edge of a rubber surface and fractured her leg while assisting her child on a slide in a city park. *Id.* at 11. The plaintiff alleged that a drop on the rubber surface surrounding the playground was exposed because the adjacent sand was not raked so as to level the drop. *Id.* The plaintiff argued that the city had willfully created a hazardous condition, and

4

1  thus was not immune under NRS 41.510. *Id.* at 12.

2  The Nevada Supreme Court affirmed the lower court's ruling that the city did not act willfully because the plaintiff provided no evidence that the city's conduct was willful. In doing so, the Nevada Supreme Court reiterated the standard from *Davies* and *Boland*, stating, "[t]his court has determined that willful or malicious conduct is 'intentional wrongful conduct, done either with knowledge that serious injury to another will probably result, or with a wanton or reckless disregard of the possible result'" *Id.* (quoting *Boland*, 894 P.2d at 991 (citing *Davies* 602 P.2d at 609–10)). The *Abbott* court went on to state that "[w]illfulness, here, requires, 'a design to inflict injury.'" *Id.* at 15. (quoting *Crosman v. S. Pac. Co.*, 194 P. 839, 843 (Nev. 1921)).

The evidence before the district court in *Abbott* indicated that the city maintained the park, employed workers to pick up trash daily and perform regular upkeep, had a park facilities maintenance person inspect each park weekly, and hired a certified playground inspector to visit each playground monthly to make repairs. *Id.* at 15. There was no evidence of any prior accidents related to the unbeveled surface. *Id.* at 15.  This evidence "demonstrated that Henderson exercised some level of care with respect to the park." *Id.* at 15. Because plaintiff had "failed to provide any evidence of a design to cause an injury or a reckless disregard to the risk of injury," no genuine dispute of material fact remained and summary judgment for the city was appropriate. *Id.* at 15-16.

Here, the Court finds, and the parties agree, that willfulness under *Abbott* requires a design to inflict injury *or* a reckless disregard to the risk of injury. *Id.* at 15. Additionally, where a plaintiff presents *no* evidence of willful conduct, summary judgment for the defendant is appropriate. *Id.* at 14.

**B. Evidence in this Case**

Defendant argues that under *Abbott*, Plaintiff has not provided evidence of willful conduct to create a genuine dispute of material fact. (ECF No. 38 at 8.)

5

Defendants point to several cases in which courts have granted summary judgment for defendants due to lack of evidence that defendants had either actual knowledge that serious injury to another will probably result, or a reckless disregard of the possible result. (*Id.* at 11.) Defendants point to *Thomas v. United States*, No. 215-CV-00291-APG-NJK, 2017 WL 379425 (D. Nev. Jan. 25, 2017), *Escobal v. Howard Hughes* Co., LLC, 132 Nev. 966 (Nev. App. 2016), *Neal v. Bently Nevada Corp.*, 771 F. Supp. 1068 (D. Nev. 1991), *aff'd*, 5 F.3d 538 (9th Cir. 1993), and *Boland*, 894 P.2d 988. (*Id.*)

In all these decisions, the plaintiffs presented no evidence that the defendant had either actual or constructive knowledge of a probable injury. All of these cases involved existing conditions on land, such as a hidden explosive on BLM land, a wash running through a dirt bike trail, a rope swing over a river, and a gravel pit. *Thomas*, 2017 WL 379425; *Escobal*, 132 Nev. 966; *Neal*, 771 F. Supp. 1068; *Boland*, 894 P.2d 988. These cases are markedly different from the one at hand. In none of these cases was a defendant or their representative present at the time of the injury; in none of these cases was it alleged that a defendant or their representative instructed the plaintiff to take an action which ultimately resulted in their injury. The facts presented in this case thus distinguish it from the cases Defendant cites.

Unlike in *Abbott* and the cases cited by Defendant, Plaintiff has not presented *no* evidence of willfulness. Rather, Plaintiff has presented sufficient evidence to create a triable issue of fact as to whether Mr. Mahan's actions were "willful" in that they were taken with at least a reckless disregard of the possible result. Unlike in *Abbott* and the other cases Defendant relies upon, Plaintiff has provided evidence to support her allegation that an agent of the landowner created and directed her into a hazardous situation, causing her injury.

Specifically, Plaintiff has presented evidence that Mr. Mahan created a pile of thorny brush blocking the hiking path, and that no signs were placed to warn

of possible danger (ECF No. 40-4 at 25:19-25; 53:3-11; ECF No 40-2 at 37:22-38:02.) Plaintiff has presented evidence via her and her husband's testimony that when they approached the piles of brush, they told Mr. Mahan they would turn around, but Mr. Mahan offered to clear a few inches of brush off of the side of the trail next to the railroad tie. (ECF No. 40-2 at 38:03-05; ECF No. 40-3 at 31:10-32:4.) Plaintiff also presents evidence that Mr. Mahan then told Plaintiff to walk around the brush where he had cleared it, causing her to walk along the railroad tie next to the pile of thorny brush (*Id.* at 38:03-05; ECF No. 40-3 at 31:10-32:4.) Additionally, Plaintiff has presented evidence that she was approximately 62 years old and was using walking sticks on an ADA-accessible trail when Mr. Mahan instructed her and her husband to walk around the pile of brush. (ECF No. 40-2 at 10:4; 71:8-11; ECF No. 39-6 at 5.)

While some of these facts are in dispute, viewing the evidence in the light most favorable to Plaintiff at this stage, a reasonable trier of fact could find Plaintiff's version of the events to be true. Whether Mr. Mahan's actions were taken with reckless disregard to the possibility of injury to Plaintiff, amounting to willfulness under NRS 41.510, is an issue of fact which cannot be resolved through summary judgment.

## V. CONCLUSION

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 39) is DENIED.

Dated this 8th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

7